✔ JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN RAMON AMIE, | Case No. CV 23-7780-JVS (AS) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| J. HILL, | |
| Respondent. | |

## INTRODUCTION

On September 11, 2023, Erin Ramon Amie ("Petitioner"), a California state prisoner proceeding pro se, filed a First Amended Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition") in the United States District Court for the Southern District of California. (Dkt. No. 7). Liberally construed, the First Amended Petition challenges Petitioner's conviction in Los Angeles County Superior Court case no. BA336601 on the grounds that the complaint and amended complaint in the case were not signed by the declarant or a judge,

purportedly in violation of the Fourth Amendment and Brady v. Maryland, 373 U.S. 83 (1963). (See First Amended Petition at 6-7). On September 14, 2023, the First Amended Petition was transferred to this Court.[1]

For the reasons explained in this Order, the First Amended Petition is dismissed for failure to present a cognizable federal habeas claim.

**DISCUSSION**

A petitioner may seek federal habeas relief from a state court conviction or sentence "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); accord Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (per curiam). Matters relating solely to the interpretation or application of state law generally are not cognizable on federal habeas review. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010) ("federal habeas corpus relief does not lie for

---

[1] The initial Petition, filed on August 3, 2023, was dismissed with leave to amend because Petitioner had failed to use the proper form, specify claims for relief, or pay the filing fee, among other defects. (Dkt. Nos. 1-2). In dismissing the Petition, the District Court for the Southern District of California acknowledged that because Petitioner purported to challenge a Los Angeles County Superior Court conviction, jurisdiction appeared more appropriate in the Central District. (Dkt. No. 2 at 2). The court determined, however, that the interests of justice did not favor transfer at that time due to the Petition's various defects. (Id. at 2-3). After Petitioner subsequently paid the filing fee and filed his First Amended Petition raising claims for relief, the Southern District transferred the case to this Court. (See Dkt. Nos. 3, 7).

2

1  errors of state law" (quoting <u>Estelle v. McGuire</u>, 502 U.S. 62, 67

2  (1991))); <u>Waddington v. Sarausad</u>, 555 U.S. 179, 192 n.5 (2009)

3  ("[W]e have repeatedly held that 'it is not the province of a

4  federal habeas court to reexamine state-court determinations on

5  state-law questions.'" (quoting <u>Estelle</u>, 502 U.S. at 67-68));

6  <u>Langford v. Day</u>, 110 F.3d 1380, 1389 (9th Cir. 1997) ("[A]lleged

7  errors in the application of state law are not cognizable in federal

8  habeas corpus [proceedings].").

9

10     Here, Petitioner's claims – that the felony complaint and

11  amended felony complaint in his state criminal case were not signed

12  by the declarant or judge (<u>See</u> First Amended Petition at 6-7)[2] –

13  implicate, at most, only state law. <u>See</u>, <u>e.g.</u>, <u>Novarro v. Pitchess</u>,

14  368 F.2d 803, 803-04 (9th Cir. 1966) (violation of California

15  requirement that complaint charging vehicle code violation be

16  signed by arresting officer presents no federal question); <u>Gonzales</u>

17  <u>v. Allison</u>, 2023 WL 4677026, at *5 (C.D. Cal. June 5, 2023) ("The

18  procedural requirements for filing a felony complaint in California

19  raise questions of state law that fall outside the scope of federal

20  habeas review."), <u>report and recommendation adopted</u>, 2023 WL

21  5154478 (C.D. Cal. Aug. 10, 2023); <u>Sfera v. Herndon</u>, 2012 WL

22  2361490, at *8 (C.D. Cal. Apr. 18, 2012) ("Even if, as Petitioner

23  contends, the felony complaint was not signed by the committing

24  judge, the discrepancy constituted, at most, a violation of state

25 _____

26  [2] Attached to Petitioner's initial Petition in this case are copies of a Felony Complaint for Arrest Warrant and Amended Felony Complaint, in Los Angeles County Superior Court case no. BA336601,

27  which do not contain signatures of the declarant or a judge. (<u>See</u> Dkt. No. 1 at 3-12).

28

law, which is not a basis for federal habeas relief." (citing Estelle, 502 U.S. at 67)), report and recommendation adopted, 2012 WL 1986090 (C.D. Cal. June 4, 2012); see also Evans v. Cain, 577 F.3d 620, 624 (5th Cir. 2009) ("[T]he sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction." (emphasis in original)); In re Cardwell, 256 F. 2d 576, 577 (9th Cir. 1957) (failure of grand jury foreman to sign indictment presents no federal question; only when no crime charged on face of indictment may habeas court inquire into its validity).

Moreover, a habeas petitioner may not "transform a state-law issue into a federal one" merely by asserting a constitutional violation. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997); see also Little v. Crawford, 449 F.3d 1075, 1083 n.6 (9th Cir. 2006) ("We cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question." (citation and internal quotation marks omitted)). Here, Petitioner's reference to the Fourth Amendment is unavailing. (See First Amended Petition at 6-7). There is no Fourth Amendment requirement that a state criminal complaint for an arrest warrant be signed, or even that the warrant itself be signed. See United States v. Lyons, 740 F.3d 702, 724-25 (1st Cir. 2014) ("We see nothing in the [text of the] Fourth Amendment that conditions the validity of a warrant on its being signed. . . . [W]e see no convincing reason to find implicit in the Fourth Amendment a

constitutional mandate that the magistrate who has made a probable cause determination also sign the warrant."); <u>United States v. Cruz</u>, 774 F.3d 1278, 1285 (10th Cir. 2014) (agreeing with <u>Lyons</u>). <u>Brady v. Maryland</u>, as cited by Petitioner, is also inapposite here; Petitioner does not suggest any evidence was withheld from him which was material to the charges against him. <u>See Brady</u>, 373 U.S. 83, 87 (1963) (holding that the prosecution violates due process by withholding evidence favorable to the defense and material to the defendant's guilt or punishment).

Finally, even if unsigned criminal complaints did implicate a federal constitutional right, this would merely concern the legality of Petitioner's arrest and pretrial detention, at most.[3] According to state court filings in his case, Petitioner was subsequently charged by information and then convicted and sentenced after a bench trial. <u>See People v. Amie</u>, No. B230639,

---

[3] "In California, a criminal defendant arrested and arraigned on a felony complaint, . . . is entitled to a preliminary hearing at which a judge 'determine[s] whether there is probable cause to conclude that the defendant has committed the offense charged.'" <u>Tatum v. Moody</u>, 768 F.3d 806, 818 (9th Cir. 2014) (quoting <u>Galindo v. Super. Court</u>, 50 Cal. 4th 1, 8 (2010)); <u>see also People v. Martinez</u>, 22 Cal. 4th 750, 764 (2000) (unlike an information, a felony complaint is not "a formal accusation upon which a defendant may be brought to trial in the court with jurisdiction over prosecution of the offenses alleged"); <u>see also id.</u> at 758 ("An information is an accusatory pleading charging a felony, subscribed by the district attorney, and filed in the superior court. . . . A felony complaint is a written accusatory pleading subscribed under oath and filed with a magistrate." (citing Cal. Penal Code §§ 691(c), 739, 806, 949)).

1   2012 WL 6218682, at *5 (Cal. Ct. App. Dec. 14, 2012).[4] Petitioner

2   is currently in custody as a result of that conviction and sentence.

3   (See First Amended Petition at 1-2; Cal. Dep't of Corr. & Rehab.,

4   Inmate Locator, https://inmatelocator.cdcr.ca.gov/ (last visited

5   October 18, 2023)). He cannot challenge his conviction based on

6   improprieties in connection with his pre-trial arrest or detention.

7   See Gerstein v. Pugh, 420 U.S. 103, 119 (1975) ("[I]llegal arrest

8   or detention does not void a subsequent conviction. Thus, . . .

9   although a suspect who is presently detained may challenge the

10  probable cause for that confinement, a conviction will not be

11  vacated on the ground that the defendant was detained pending trial

12  without a determination of probable cause." (citations omitted));

13  see also United States v. Crews, 445 U.S. 463, 474 (1980) ("An

14  illegal arrest, without more, has never been viewed as a bar to

15  subsequent prosecution, nor as a defense to a valid conviction.");

16  Rose v. Mitchell, 443 U.S. 545, 576 (1979) ("It is well settled

17  that deprivations of constitutional rights that occur before trial

18  are no bar to conviction unless there has been an impact upon the

19  trial itself. A conviction after trial . . . 'represents a break

20  in the chain of events which has preceded it in the criminal

21  process.'" (Stewart, J., concurring) (footnote omitted) (quoting

22  Tollett v. Henderson, 411 U.S. 258, 267 (1973))).

23

24

25

26  _____

27      [4] The Court takes judicial notice of state court documents
    relevant to the disposition of Petitioner's case. See United States

28  v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

1

**ORDER**

2

3      ACCORDINGLY, IT IS ORDERED that the First Amended Petition is

4  dismissed.

5

6      LET JUDGMENT BE ENTERED ACCORDINGLY.

7

8  DATED: October 19, 2023

9

10                                            _____

11                                            JAMES V. SELNA
                                              UNITED STATES DISTRICT JUDGE

12

13  Presented by:

14  _____/s/_____

15          ALKA SAGAR
    UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28